IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESPRIT HEALTH LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-1385-RGA |
| UNIVERSITY OF DELAWARE, and STEVEN J. STANHOPE, | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Issues have arisen about the deposition testimony of Dr. Irene Sprague Davis. (D.I. 106-1). In particular, is she a witness for whom it was proper for Plaintiff to be asking leading questions. The issue was raised during the deposition. (D.I. 106-1, pp. 24-25). The deposition reveals that she was a professor for more than twenty years at Defendant University of Delaware, and still carries the more-or-less honorary title of "Emeritus Professor." On the grant that is the subject of the lawsuit, she was one of three principal investigators, the second of whom is the other Defendant, Dr. Steven Stanhope.

Rule 611(c) permits leading questions "when a party calls . . . a witness identified with an adverse party." Fed. R. Evid. 611(c)(2). Dr. Davis is "identified" with Defendants as a former employee and co-worker. I think this is sufficient. *See Chonich v. Wayne County Community College*, 874 F.2d 359, 368 (6th Cir. 1989) (former personnel director); *Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1478 (11th Cir. 1984) (former nurse). I also note that the deposition transcript shows that Dr. Davis had her own opinions, which she expressed despite the

sometimes leading questions.

On the specific objections raised by Plaintiff by letter dated September 1, 2015 (D.I. 102 & 102-1), which I have numbered from 1 to 11 below, and/or as supplemented by letter dated September 8, 2015 (D.I. 110), including "9A" below, I rule as follows:

1. "24.11" – objection withdrawn at the pretrial conference.

2. "45:13" – objection sustained, as her answer (to the extent it is an answer – "I would assume so") is an opinion for which there is insufficient foundation.

3. "47:01" – 46:19 to 47:15 is struck. The witness's testimony in this portion does not answer the question asked, and is immediately withdrawn by the witness. It is not probative of anything.

4. "59:05" – objection sustained on 59:1 to 59:10 as, among other things, it is a repetition of the asked-and-answered question at 58:19. In the second letter (D.I. 110), Defendants increase their request, but they did not contemporaneously object to the additional portions about which they now complain. If there had been a timely objection, I believe Plaintiff could have asked a different question, perhaps about the usual practices in submitting proposals for grant awards, and gotten about the same answers.

5. "60:17" – objection sustained, no personal knowledge.

6. "62:24" – objection sustained, no relevance. (*See also* D.I. 110). Strike 62:11 to 63:9.

7. "65:19" – objection sustained, first two questions not relevant, and third question not probative in view of witness's answer.

8. "67:16" – objection sustained, as witness did not answer the question. The lines struck are 67:10 to 68:1.

9. "7[7]:19" – objection sustained, as the question calls for speculation, and the answer is

not probative.

9A. "87:14" – (only in D.I. 110) – the only objection is leading, and that is overruled.

10 & 11. Without dispute, the items at "152:11" and "153:06" will be struck.

On the specific objections raised by Plaintiff by letter dated September 8, 2015 (D.I. 108), I rule as follows:

1. "99:18" – objection sustained, as I think the question does call for a legal conclusion.

2. "140:7" – objection sustained, as what Dr. Davis would have done or understood is irrelevant.

3. "140:13" – objection sustained, and I doubt that Plaintiff even asked Defendants if there was a dispute on this one.

The Court further **DIRECTS** that the parties cause to be deleted from the video the objections. The Court further **DIRECTS** that the parties cause to be deleted pointless colloquy (*e.g.*, 18:13 to 19:19, 24:17 to 25:19, 39:15 to 39:24, 73:12 to 73:14, 86:14 to 87:5, 90:21 to 91:8, 96:9 to 96:17, 122:20 to 123:8). The Court encourages the parties to confer and to consider deleting some of the other redundant and irrelevant portions of the transcript.

It is SO ORDERED this 9 day of September 2015.

Richard G. Andrews
United States District Judge