# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESPRIT HEALTH, LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 13-1385-RGA |
| UNIVERSITY OF DELAWARE and STEVEN J. STANHOPE, | : |
| Defendants. | : |

MEMORANDUM ORDER

This Court held a jury trial on September 14–18, 2015, at the conclusion of which the jury found in favor of Plaintiff in the amount of $390,000 on its unjust enrichment claim. (D.I. 127). Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff now moves to amend the judgment to include the award of pre-judgment and post-judgment interest. (D.I. 132). The motion is fully briefed. (D.I. 133, 134, 137). The parties do not dispute Plaintiff's entitlement to post-judgment interest, and their initial dispute as to the applicable rate of post-judgment interest appears to have been resolved in the course of briefing. (D.I. 134 at 4; D.I. 137 at 6).[1]

The parties' current dispute centers on two issues: 1) whether Plaintiff is entitled to pre-judgment interest at all, and 2) if Plaintiff is entitled to such interest, what date "payment was due" for purposes of determining when interest begins accumulating. (D.I. 133 at 9–14; D.I. 134 at 2–4). Defendants essentially argue that, because it is unclear how the jury calculated its

---

[1] Post-judgment interest is governed by 28 U.S.C. § 1961, which provides that "[i]interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." *Id.* The parties agree that the applicable rate for the week preceding the judgment is 0.39%. (D.I. 133-6 at 3; *see also* D.I. 134 at 4; D.I. 137 at 6).

1

$390,000 damages award to Plaintiff, it would be unfair to require Defendants to pay pre-judgment interest on an obligation that it could not have reasonably determined the amount of prior to the judgment. (D.I. 134 at 1–4).

"In Delaware, prejudgment interest is awarded as a matter of right. Such interest is to be computed from the date payment is due."[2] *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992) (citation omitted); *see also Beard Research, Inc. v. Kates*, 8 A.3d 573, 620 (Del. Ch. 2010). With regard to equitable claims, however, Delaware courts have sometimes stated that pre-judgment interest is within the discretion of the trial court. *See, e.g., Shuttleworth v. Abramo*, 1994 WL 30545, at *4 (Del. Ch. 1994). Some trial courts, for instance, have found it unfair to award pre-judgment interest where the damages obligation "could not reasonably have been determined prior to judgment." *Kunstek v. Alpha-X Corp.*, 1986 WL 5875 (Del. Super. Ct. 1986). Delaware courts, however, have not always required the damages amount to be liquidated and have allowed pre-judgment interest on quasi-contract claims and in other cases "where the type of damages permitted testimony from which the amount of the recovery was calculable, that is, testimony of a pecuniary nature." *See Rollins Envtl. Servs., Inc. v. WSMW Indus., Inc.*, 426 A.2d 1363, 1364, 1366 (Del. Super. Ct. 1980) (analyzing compiled Delaware cases on pre-judgment interest).

Here, the jury awarded Plaintiff damages on a quasi-contract claim after hearing pecuniary testimony. Each party presented such pecuniary testimony about various matters relevant to a damages calculation, including the value of the eSphere software, negotiations between the parties, the costs of using eSphere compared to those of using the CTDB alternative, and the overhead costs of the BADER Consortium. The mere fact that the number $390,000 was

---

[2] "The court's decision to award prejudgment interest in an action based on diversity is a matter of state law." *Meyer v. CUNA Mut. Ins. Soc.*, 648 F.3d 154, 162 (3d Cir. 2011).

2

never expressly referenced at trial does not indicate that the jury's damages award was not based on the litany of pecuniary testimony presented. Any alleged hardship stemming from the "unforeseeability" of this damage award is further mitigated by the fact that the jury's award of $390,000 was considerably less than the $1,800,000 demanded by Plaintiff in its Amended Complaint on the unjust enrichment count. (D.I. 6 at 13). Accordingly, even if more recent pronouncements by Delaware courts did not suggest that pre-judgment interest is awarded as a matter of right, *see, e.g.*, *Citadel Holding*, 603 A.2d at 826, I would still exercise my discretion in favor of awarding Plaintiff pre-judgment interest.

As to the date payment was due for purposes of calculating interest, Plaintiff argues that it should be the date of the grant award, while Defendant argues that the date the Complaint was filed is more appropriate. (D.I. 133 at 11–12; D.I. 134 at 3–4). "If the court is unable to determine the date of Plaintiff's loss, the court will resort to the date that the original complaint was filed." *Chaplake Holdings Ltd. v. Chrysler Corp.*, 2003 WL 22853462, at *4 (Del. Super. Ct. 2003). It is unclear at what exact point in time the jury found Defendant's liability for unjust enrichment to begin. While Defendants received the award in September 2011, there was no immediate contractual obligation to pay Plaintiff. In fact, negotiations continued. Moreover, Defendants had not yet received the entire grant amount. If anything, Defendants were not enriched unjustly until it became clear that they would retain the benefit of the grant award without providing some remuneration to Plaintiff. Because it is not clear that this was the case as of September 2011, I think that the better course is to award Plaintiff pre-judgment interest accruing from the date its Complaint was filed: August 2, 2013. (D.I. 1).

"In the absence of an express contract rate, Delaware courts use the 'legal rate' as the default rate." *Beard Research*, 8 A.3d at 620. The statutory legal rate of interest in Delaware is

3

"5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due . . . ." 6 Del. C. § 2301(a). Plaintiff provided evidence that the Federal Reserve discount rate as of August 2, 2013 was 0.75%. (D.I. 133-5 at 7). Accordingly, Plaintiff argues that the appropriate interest rate is 5.75% per annum and Defendant presents no argument that it is not. (D.I. 133 at 14).

For the reasons stated herein, Plaintiff's Post-Trial Motion to Amend Judgment to Include Pre-Judgment and Post-Judgment Interest (D.I. 132) is **GRANTED**. An amended final judgment will be entered consistent with this Memorandum Order, awarding Plaintiff:

1. Pre-Judgment interest at a rate of 5.75%, accruing from the date Plaintiff filed its Complaint (D.I. 1), August 2, 2013, until September 17, 2015.

2. Post-Judgment interest at a rate of 0.39%, accruing from September 18, 2015 until the date that Defendants make payment in full.

It is SO ORDERED this 21 day of December, 2015.

Richard G. Andrews
United States District Judge

4